By the Court.—Van Vorst, J.
The only question to be determined, and upon which the plaintiff’s right to recover depends, is whether there was a breach of the warranty, on the part of the assured u not to use foreign ports, or ports in the Gulf of Mexico.” When the vessel ran aground, she was seven hundred miles from the prohibited port, her objective point.
The defendant claims, that, directly the vessel sailed on her voyage towards the prohibited port for which she had cleared, the warranty was broken, and she ceased to be under the protection of the policy of insurance.
This view of the law appears to have been sustained in Snow v. Columbian Insurance Co., decided in the Supreme Court (48 Barb. 469).
In that case, the policy contained a warranty, not to use ports in the British North American provinces, except between the 15th day of May and the 15th day of August.
On the 20th September, the schooner sailed from Boston, bound for Lingan, in Cape Breton, Nova Scotia, one of the British North American provinces, for a cargo of coal. On the 24th September, before reaching Lingan. *250 the vessel was wrecked on the coast, near LounsTbnrg, about fifty miles from Lingan.
Justice Ingraham, who delivered the opinion of a majority of the court, says, “The sole object of the voyage in the present case being to enter a prohibited port, after the schooner entered on the voyage to Lingan she ceased to be under the protection of the policy, and the plaintiff cannot recover.” Justice Leonard dissented, holding, that “the policy was not violated by an intent of the owner to violate it at a future time ; it is the actual entry or use of the port that violates the contract.”
Upon appeal to the Court of Appeals, the judgment of the Supreme Court was reversed, all the judges concurring.
The court deciding, that, when the words “to use” are employed in connection with the word “port,” they mean, to go into a harbor or haven for shelter, for commerce, or for pleasure, and to derive a benefit or an advantage from its protection.
That going in the direction of it, is not a use of the port (S. C. 48 N. Y. 624).
The case before us cannot be distinguished from the one above cited.
The defendant’s counsel on the argument urged, that it did not appear in Snow v. Columbian Insurance Co, that the vessel had “ cleared” for the prohibited port, as it does in the case under consideration. But it is difficult to perceive how in principle the conduct of the one is a breach of warranty, and of the other not.
In the case cited, the vessel sailed from Boston, in “ ballast,” bound for the prohibited port, which she intended, from the very outset, to use,” by taking in her cargo there. She could have expressed her intention no stronger if she had “ cleared ” for the port.
Judgment should be entered for the plaintiff on the verdict, with costs.